FREDERIC W. PAINE v. JOHN RINGOLD.

*Construction of note—Record.*

The construction of written instruments is for the court to determine, but the identity of words is for the jury who may be aided by parol evidence of facts connected with the giving of the paper. So *held* where a note which purported in the margin to be for $50 was so written in the body that it was uncertain whether it was for fifty or sixty dollars.

Where an instrument disputed for uncertainty in its wording, is not sent up with the bill of exceptions, the existence of a doubt is assumed in support of a charge submitting it to the jury.

Error to Kent.  Submitted April 14.  Decided April 21.

ASSUMPSIT.  Plaintiff brings error.

*Simonds & Fletcher* for plaintiff in error.

*Fred A. Maynard* for defendant in error.  Where the words of a contract are obscurely written, it is for the jury to determine what they are, 2 Pars. Cont. 639; 1 Greenl. Ev. § 288 *b;* 2 Whart. Ev. § 939; *Armstrong v. Burrows* 6 Watts 266; *Fenderson v. Owen* 54 Me. 372; *Arthur v. Roberts* 60 Barb. 580; *Burnham v. Allen* 1 Gray 499; *Cabarga v. Seeger* 17 Penn. St. 514; *Jackson v. Ransom* 18 Johns. 107; *Sheldon v. Benham* 4 Hill 129; *Dana v. Fiedler* 2 Ker. 40; and it may be read in view of the circumstances and the subject matter, *West v. Smith* 101 U. S. 263; *Stoops v. Smith* 100 Mass. 63; *Knight v. Worsted* 2 Cush. 271; *Herring v. Bost. Iron Co.* 1 Gray 134; *Gerrish v. Towne* 3 Gray 82; *Sutton v. Bowker* 5 Gray 416; *Bradley v. Washington etc. Packet Co.* 13 Pet. 89.

MARSTON, C. J.  Action was brought upon a promissory note.  According to the figures on the margin the sum for which it was given was $50, but there was a dispute as to whether according to the writing in the

body it was a promise to pay *fifty* or *sixty* dollars. The court admitted oral evidence to be introduced of the facts and circumstances surrounding the transaction out of which the note grew, and submitted the question to the jury as one of fact to find whether the note was one for fifty or sixty dollars.

The legal construction to be placed upon a written instrument is clearly one for the court; but where the words are obscurely written, or partially erased, so as to be uncertain and ambiguous, the question is a proper one for a jury, and they may be aided by parol evidence of the circumstances surrounding the giving of the note.

The original note forms no part of and is not returned with the bill of exceptions, so that we have no opportunity to inspect the same and ascertain whether any doubt or ambiguity existed or not, even if we could examine it for such purpose if here. We must assume in support of the judgment, that such a doubt existed, and that the course adopted by the court was proper.

The judgment must therefore be affirmed with costs.

The other Justices concurred.